| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. |
| | ) |
| One Glock 17, 9mm pistol, serial no.BDLD066, with | ) |
| Gen-4 magazine and 13 rounds of 9mm ammunition; | ) JURY TRIAL REQUESTED |
| | ) |
| One Colt Defender, 9mm pistol, serial no.9DR10536, with | ) |
| magazine and 60 rounds of 9mm ammunition; | ) |
| | ) |
| Two Thousand Four Hundred Twenty ($2,420.00) Dollars | ) |
| in U.S. Currency, more or less, all seized from Lanna | ) |
| Spurlock, | ) |
| | ) |
| Defendants *in rem*. | ) |
| _____ | ) |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*,
## FOR PROPERTY WITHIN THE UNITED STATES' POSSESSION, CUSTODY
## OR CONTROL PURSUANT TO SUPPLEMENTAL RULE G

Plaintiff, United States of America, brings this complaint in accordance with

Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims,

and alleges:

## NATURE OF THE ACTION

This is an action to forfeit and condemn to the use and benefit of the United States of

America the following properties: (1) One Glock 17, 9mm pistol, serial no.BDLD066 with

Gen-4 magazine and 13 rounds of 9mm ammunition; (2) One Colt Defender, 9mm pistol, serial

no.9DR10536, with magazine and 60 rounds of 9mm ammunition, and (3) Two Thousand Four

Hundred Twenty ($2,420.00) Dollars in U.S. Currency, more or less, all seized from Lanna

Spurlock, pursuant to 18 U.S.C. § 924(d)(1) and 21 U.S.C. § 881(a)(6), (11).

1

## JURISDICTION AND VENUE

Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant *in rem* properties under 18 U.S.C. § 924 and 21 U.S.C. § 881. This Court has jurisdiction over this action under 28 U.S.C. §§ 1355, 1395. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355, 1395.

## THE DEFENDANTS *IN REM*

The defendants *in rem* are: (1) One Glock 17, 9mm pistol, serial no.BDLD066 with Gen-4 magazine and 13 rounds of 9mm ammunition; (2) One Colt Defender, 9mm pistol, serial no.9DR10536, with magazine and 60 rounds of 9mm ammunition, and (3) Two Thousand Four Hundred Twenty ($2,420.00) Dollars in U.S. Currency, more or less, all seized from Lanna Spurlock. The Drug Enforcement Administration (DEA) has custody of the defendants *in rem*.

## FACTS

1. Beginning in October of 2018, law enforcement officers began investigating James Coughlin ("Coughlin") for methamphetamine sales, after agents in California intercepted and seized a package addressed to Coughlin at 75 Stoneham Road, Sanbornville, New Hampshire. The package contained approximately one pound of methamphetamine.

2. On October 4, 2018, local law enforcement officers executed a controlled delivery of the package to Coughlin's residence. They executed a federal anticipatory search warrant once Coughlin's wife, Lanna Spurlock ("Spurlock") signed for the package. During the search, officers seized two plastic baggies containing approximately 8 grams of methamphetamine.

3. Beginning in September of 2019, law enforcement officers began working with a confidential source ("CS"), who said that Coughlin orders methamphetamine on the "dark web," pays for it with Bitcoin, and receives it in the mail.

4.  From September 18, 2019 through November 26, 2019, law enforcement officers arranged for the CS to make seven controlled purchases of methamphetamine from Coughlin. During each purchase, the CS was equipped with an audio and video recording device, and provided with serialized funds. Once the CS completed each purchase, DEA agents then weighed and field-tested the crystal substance. All of the controlled buys were later analyzed by the DEA Northeast Laboratory and tested positive for methamphetamine.

5.  On January 14, 2020, law enforcement officers executed a federal search warrant at 5 Stoneham Road, Sanbornville, New Hampshire, the home of Coughlin and Spurlock. Spurlock was home at the time, and officers allowed her to leave with her children after searching her vehicle. Inside her vehicle, officers found and seized a folded dollar bill containing a crystal substance (which field tested positive for methamphetamine), from a tissue box located above the passenger seat visor.

6.  During the search of the home, officers found and seized: the defendant *in rem* (1) One Glock 17, 9mm pistol, serial no.BDLD066 with Gen-4 magazine and 13 rounds of 9mm ammunition, from the master bedroom, and the defendant *in rem* (3), $2,420.00, from the left nightstand in the master bedroom. Officers also seized a black hide-a-key box containing drug paraphernalia from the master bedroom closet.





7.   Additionally, officers searched a camper on the property.  During the search, officers found and seized the defendant *in rem* (2), One Colt Defender, 9mm pistol, serial no.9DR10536, with magazine and 60 rounds of 9mm ammunition, and a black bag that contained drug paraphernalia, an envelope with a return address, a plastic Tupperware container, a scale and assorted plastic bags, from the kitchen area.  The Tupperware container held a crystal substance that tested positive for methamphetamine at the DEA Northeast Laboratory.



8.   Spurlock purchased the defendant *in rem* firearms.  Anyone who purchases firearms through a firearm dealer must complete ATF Form 4473, which advises the purchaser of a federal prohibition against illegal drug use and firearm possession.  Additionally, the form specifies that convicted felons may not possess firearms.  Coughlin was convicted of felony possession of a controlled drug in 2011.  Spurlock was convicted of a Class A misdemeanor drug

offense in 2019. The United States charged Coughlin with Conspiracy to Possess with the Intent to Distribute, and Distribution of Methamphetamine by Criminal Complaint on January 10, 2010. *U.S. v. James Coughlin*, No. 1:20-mj-13-01-AJ.

## FIRST CLAIM FOR FORFEITURE
21 U.S.C. § 881(a)(6)

9. The allegations contained in paragraphs 1 through 8 of this Verified Complaint for Forfeiture *in rem* are incorporated by reference.

10. Title 21, U.S.C. § 881(a)(6) subjects to forfeiture "all moneys … or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or … all proceeds traceable to such an exchange and all moneys … used or intended to be used to facilitate any violation of" the Controlled Substances Act.

11. The defendant *in rem* (3), Two Thousand Four Hundred Twenty ($2,420.00) Dollars in U.S. Currency, more or less, seized from Lanna Spurlock, was furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq., or represents proceeds traceable to such exchanges, or money used or intended to be used to facilitate violations of the Act. As a result, the defendant *in rem* (3) is liable to condemnation and forfeiture to the United States for its use in accordance with 21 U.S.C. § 881(a)(6).

## SECOND CLAIM FOR FORFEITURE
21 U.S.C. § 881(a)(11)

12. The allegations contained in paragraphs 1 through 8 of this Verified Complaint for Forfeiture in Rem are incorporated by reference.

13. Title 21, United States Code, Section 881(a)(11) provides that "any firearm. . . used or intended to be used to facilitate the transportation, sale, receipt, possession, or

concealment of . . ." controlled substances or proceeds traceable to controlled substances, shall be forfeited to the United States.

14. The defendants *in rem* (1) and (2) are firearms that was used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances, or proceeds traceable to controlled substances.

15. As a result, the defendants *in rem* (1) and (2) are firearms liable to condemnation and forfeiture to the United States for its use, in accordance with 21 U.S.C. § 881(a)(11).

THIRD CLAIM FOR FORFEITURE
18 U.S.C. § 924(d)

16. The allegations contained in paragraphs 1 through 8 of this Verified Complaint for Forfeiture *in rem* are incorporated by reference.

17. Pursuant to 18 U.S.C. § 922 (g)(1), "it shall be unlawful for any person . . . who has been convicted in any court of . . . a crime punishable by imprisonment for a term exceeding one year . . . to possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

18. Pursuant to 18 U.S.C. § 922(g)(3), it is unlawful for any person who is an unlawful user of or addicted to any controlled substance…to possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

19. Pursuant to 18 U.S.C. § 924(d)(1), any firearm or ammunition involved or used in violation of 18 U.S.C.§ 922(g) shall be subject to seizure and forfeiture.

20. As a result, the defendant *in rem* firearms (1) and (2) are liable to condemnation and forfeiture to the United States for its use, in accordance with 18 U.S.C. § 924(d)(1).

## PRAYERS FOR RELIEF

Therefore, the United States requests that:

(a) the Clerk of Court issue a Warrant of Arrest in Rem in the form submitted with this Verified Complaint to the United States Marshal for the District of New Hampshire, commanding him to arrest the defendants *in rem*;

(b) this matter be scheduled for a jury trial;

(c) judgment of forfeiture be entered; and

(d) this Court grant the United States its costs and whatever other relief to which it may be entitled.

Respectfully Submitted,

SCOTT W. MURRAY
United States Attorney

Dated: August 5, 2020       By:    /s/ Robert J. Rabuck
Robert J. Rabuck
NH Bar # 2087
Assistant U.S. Attorney
District of New Hampshire
53 Pleasant Street
Concord, New Hampshire
603-225-1552
Rob.Rabuck@usdoj.gov

## <u>VERIFICATION</u>

I, John R. Daly, being duly sworn, depose and say that I am a Special Agent with the United States Drug Enforcement Administration, and as such have responsibility for the within action, that I have read the contents of the foregoing Verified Complaint for Forfeiture in Rem and know the contents therein, and that the same is true to the best of my knowledge, information and belief.

The sources of my information and the grounds of my belief are official records and files of the United States and the State of New Hampshire, and information obtained by me and other law enforcement officers during an investigation of alleged violations of the controlled substance laws of the State of New Hampshire and of the United States.


<u>/s/ John R. Daly</u>
John R. Daly



STATE OF NEW HAMPSHIRE
COUNTY OF MERRIMACK


Subscribed and sworn to before me this 5th day of August 2020.


<u>/s/ Kuffer N. Kaltenborn</u>
Justice of the Peace

My commission expires on: October 25, 2022

JS 44-A
JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | 28 USC 157 | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 470 Racketeer Influenced and |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 840 Trademark | Corrupt Organizations |
| Student Loans | ❏ 340 Marine | Injury Product | | | ❏ 480 Consumer Credit |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ❏ 490 Cable/Sat TV |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | Act | ❏ 862 Black Lung (923) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | Relations | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 751 Family and Medical | | ❏ 895 Freedom of Information |
| | ❏ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ❏ 790 Other Labor Litigation | | ❏ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement | **FEDERAL TAX SUITS** | ❏ 899 Administrative Procedure |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ❏ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | ❏ 950 Constitutionality of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1  Original Proceeding
- ❏ 2  Removed from State Court
- ❏ 3  Remanded from Appellate Court
- ❏ 4  Reinstated or Reopened
- ❏ 5  Transferred from Another District *(specify)*
- ❏ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**    **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

**VI.**    **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

Defendants *in rem*

One Glock 17, 9mm pistol, serial no.BDLD066 with Gen-4 magazine and 13 rounds of 9mm ammunition;

One Colt Defender, 9mm pistol, serial no.9DR10536, with magazine and 60 rounds of 9mm ammunition, and

Two Thousand Four Hundred Twenty ($2,420.00) Dollars in U.S. Currency, more or less, all seized from Lanna Spurlock.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. |
| | ) |
| One Glock 17, 9mm pistol, serial no.BDLD066, with | ) |
| Gen-4 magazine and 13 rounds of 9mm ammunition; | ) JURY TRIAL REQUESTED |
| | ) |
| One Colt Defender, 9mm pistol, serial no.9DR10536, with | ) |
| magazine and 60 rounds of 9mm ammunition; | ) |
| | ) |
| Two Thousand Four Hundred Twenty ($2,420.00) Dollars | ) |
| in U.S. Currency, more or less, all seized from Lanna | ) |
| Spurlock, | ) |
| | ) |
| Defendants *in rem.* | ) |
| _____ | ) |

## SUMMONS AND WARRANT OF ARREST IN REM
### FOR ISSUANCE BY THE CLERK OF COURT FOR PROPERTY
### WITHIN THE UNITED STATES' POSSESSION, CUSTODY OR CONTROL
### PURSUANT TO SUPPLEMENTAL RULE G(3)(b)(I)

To the United States Marshals Service, the Drug Enforcement Administration, or any

duly authorized Federal Law Enforcement Officer for the District of New Hampshire:

Pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Certain Admiralty and

Maritime Claims, a Verified Complaint for Forfeiture in Rem has been filed on August 6, 2020,

in the U.S. District Court for the District of New Hampshire, alleging that the following

properties are subject to forfeiture to the United States on the following grounds: (1) One Glock

17, 9mm pistol, serial no.BDLD066 with Gen-4 magazine and 13 rounds of 9mm ammunition;

(2) One Colt Defender, 9mm pistol, serial no.9DR10536, with magazine and 60 rounds of 9mm

ammunition, and (3) Two Thousand Four Hundred Twenty ($2,420.00) Dollars in U.S.

Currency, more or less, all seized from Lanna Spurlock, for violations of 18 U.S.C. § 924(d)(1) and 21 U.S.C. § 881(a)(6), (11).

YOU ARE, THEREFORE, COMMANDED to seize the captioned defendants *in rem*, and use discretion and whatever means appropriate to protect and maintain the property pending the outcome of this action;

IT IS FURTHER ORDERED that the United States Marshals Service or the Drug Enforcement Administration shall maintain custody of the defendants *in rem* until further order of this Court, and shall use his discretion and whatever means appropriate to protect and maintain said defendants *in rem*;

IT IS FURTHER ORDERED that the United States shall serve upon all potential claimants to the defendants *in rem*, a copy of this Summons and Warrant of Arrest *in rem*, and the Verified Complaint for Forfeiture *in Rem*, in a manner consistent with the principles of service of process in an action *in rem* under Supplemental Rule G and other Supplemental Rules for Certain Admiralty and Maritime Claims and Title 18, United States Code, Section 983(a);

IT IS FURTHER ORDERED that a return of this Summons and Warrant of Arrest *in rem* shall be promptly made to the Court, identifying the individuals upon whom copies were served and the manner employed; and

IT IS FURTHER ORDERED that all persons claiming an interest in or right against the defendants *in rem* shall file their Verified Claims within thirty-five (35) days after the date on which they were sent the Notice of Complaint or the final publication of notice of the filing of the Complaint, whichever is earlier, or within such additional time as the Court may allow, pursuant to Title 18, United States Code, Section 983(a)(4) and Rule G(4)(b)(ii)(B) of the Supplemental Rules for Certain Admiralty and Maritime Claims, and shall serve and file their

Answers to the Complaint within twenty-one (21) days after the filing of their Verified Claims, pursuant to Rule G(4)(b)(ii)( C) of the Supplemental Rules for Certain Admiralty and Maritime Claims, with the Office of the Clerk, United States District Court for the District of New Hampshire, with a copy sent to Assistant United States Attorney Robert J. Rabuck, United States Attorney's Office, District of New Hampshire, 53 Pleasant Street, Concord, NH 03301.

Dated:

_____

DANIEL J. LYNCH, CLERK